IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMRITPAL SINGH                          :
                                        :        CIVIL ACTION
            v.                          :
                                        :        NO. 20-1921
DAVID J. AVERETT, ESQ. and              :
LAW OFFICES OF DAVID J. AVERETT,        :
P.C.                                    :

**<u>MEMORANDUM</u>**

**SURRICK, J.**                                              **JULY 31, 2020**

     Presently before the Court is Defendants' Motion to Dismiss Amended Complaint.  (ECF No. 8.)  For the following reasons, Defendants' Motion will be denied.

**I.      BACKGROUND**

     This is a legal malpractice action.  Plaintiff Amritpal Singh ran a 7-Eleven franchise in Philadelphia.  (Am. Compl. ¶¶ 8, ECF No. 6.)  For years, Singh sought legal counsel from Defendants David Averett and his law firm.  (*Id*. ¶ 10.)  In April 2014, a vehicle crashed into Singh's 7-Eleven, causing significant property damage.  (*Id*. ¶¶ 12-15.)  Singh retained Averett to file claims with the driver's and vehicle owner's insurance companies and Singh's liability carrier.  (*Id*. ¶ 16.)

     Two years later, in April 2016, Averett initiated an action on Singh's behalf against the driver and owner in the Philadelphia Court of Common Pleas.  (*Id*. ¶ 17.)  In March 2017, following an arbitration, Singh was awarded $19,792.69.  (*Id*. ¶ 18.)  Singh asserts that at the arbitration, Averett failed to present evidence of the 7-Eleven's lost revenue.  (*Id*.)  Based on Averett's representation that Singh would be able to recover his remaining damages from his own insurer, Singh did not file an appeal of the arbitration award and agreed to settle the matter

for $12,000.  (*Id.* ¶ 19.)  However, Averett failed to properly process Singh's claims with his insurer, thus making any additional recovery impossible.  (*Id.* ¶ 20.)  According to Singh, Averett received a request from Singh's carrier for specific information regarding the accident, but Averett failed to submit that information to the carrier.  (*Id.* ¶ 21.)

Meanwhile, Singh's 7-Eleven suffered additional property damage as a result of a robbery in August 2014.  (*Id.* ¶ 22.)  Singh retained Averett to file a claim with Singh's liability insurer for this loss as well.  (*Id.* ¶ 23.)

For four years, from 2014 to 2018, Singh regularly contacted Averett regarding both claims with his liability carrier.  (*Id.* ¶ 25.)  Each time they spoke, Averett advised Singh that he had provided all of the information requested by the carrier and was waiting to receive a settlement offer.  (*Id.*)  On several occasions, Singh advised Averett that he was suffering financial difficulties as a result of the unreimbursed losses.  (*Id.* ¶ 26.)

In September 2018, Singh met with Averett, who advised Singh that he had filed a breach of contract action against Singh's insurer in the Philadelphia Court of Common Pleas. (*Id.* ¶¶ 27-30.)  Averett also represented that a hearing had been scheduled in the matter for May 10, 2019.  (*Id.* ¶ 28.)  Averett subsequently told Singh that the hearing would be cancelled and that he could not give him a new court date because Philadelphia's court system was down.  (*Id.* ¶ 30.)  Suspicious, Singh contacted the court and learned that there was no pending lawsuit regarding his insurance claims.  (*Id.* ¶ 31.)  When Singh confronted Averett with his findings, Averett admitted that he had not actually filed a complaint against Singh's insurer.  (*Id.* ¶ 32.)

As a result of Averett's failure to obtain insurance proceeds for Singh's April and August 2014 business losses, Singh was forced to use his savings to keep the 7-Eleven afloat.  (*Id.* ¶ 34.) Eventually, in December 2017, Singh was forced to sell the 7-Eleven at a $200,000 loss from his

original purchase price.  (*Id.*)

On April 16, 2020, Singh filed a Complaint against Averett and his law firm.  (ECF No. 1.)  On June 5, 2020, Singh filed an Amended Complaint alleging:  (1) legal malpractice; (2) breach of contract; and (3) breach of fiduciary duty.  Singh seeks damages in excess of $75,000, as well as interest, costs, attorney's fees, and punitive damages.  (Am. Compl. ¶¶ 35-53.)  On June 19, 2020, Defendants filed this Motion to Dismiss, asserting lack of subject matter jurisdiction and failure to state a claim.  (ECF No. 8.)

## II.    DISCUSSION

Singh invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction requires:  (1) the parties to "be completely diverse, meaning that 'no plaintiff can be a citizen of the same state as any of the defendants'"; and (2) the matter in controversy to exceed $75,000.  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394-95 (3d Cir. 2016) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)).  We are satisfied that both requirements are met here.

### A.     The parties are diverse

Singh alleges that he is a citizen of New Jersey and that Defendants are citizens of Pennsylvania.  Defendants do not dispute these allegations.  Instead, they contend that Singh's business, rather than Singh himself, should be the plaintiff here and that Singh's business is a citizen of Pennsylvania, thus defeating diversity.  Defendants do not cite a single case or legal authority in support of this argument, the disposition of which may depend on multiple legal principles, such as standing doctrine, real party in interest doctrine, causation, and corporate law. The outcome might also depend on the specific facts of this case, such as Singh's interest in and relationship to his business.  For example, Singh alleges that he had to use personal funds to prop

up the 7-Eleven.  At this stage, it is plausible that he is a proper plaintiff.  *Cf. Meade v. Kiddie Academy Domestic Franchising, LLC*, 501 F. App'x 106, 108 (3d Cir. 2012) (noting that "[i]t is well established that, *absent a direct individual injury*, the president and principal shareholder of a corporation lacks standing to sue for an injury to the corporation" (emphasis added)); *see also Bank of Louisiana v. FDIC*, 919 F.3d 916, 922 (5th Cir. 2019) (holding that "[a] district court should dismiss where it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction").

Should Defendants reassert lack of jurisdiction at a later time, they must address the relevant facts and law.  *See* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

> **B.      The amount in controversy exceeds $75,000**

The party invoking diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000."  *Auto-Owners*, 835 F.3d at 395.  This burden "is not especially onerous."  *Id.*  The "'sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'"  *Id.* (quoting *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

"'[T]he question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims.'"  *Id.* (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).  A "reasonable probability" that the amount in controversy exceeds $75,000 "suffices to vest the court with jurisdiction."  *Columbia Gas. Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).

Defendants make the conclusory assertion that the amount in controversy is far below the statutory threshold because on his best day, Singh only could have recovered about $20,000 total on his two insurance claims.  We are not willing to accept this argument without supporting evidence.  The self-serving statements in Defendants' brief do not suffice.  Moreover, this is a legal malpractice action in which Averett stands accused of misleading his client for four years and even lying to him about ongoing legal proceedings.  Even if the underlying property damages in this action were limited to $20,000, Singh may be entitled to consequential and punitive damages, which could exceed $75,000.  *See Ripley v. Brethren Mut. Ins. Co.*, 69 F. Supp. 3d 503, 509 (E.D. Pa. 2014) (holding that when punitive damages are recoverable, they "are properly considered in determining whether the claim reaches the jurisdictional threshold" under § 1332); *Rizzo v. Haines*, 555 A.2d 58, 69-70 (Pa. 1989) (allowing punitive damages award in legal malpractice case).

For these reasons, we cannot conclude to a legal certainty that the amount in controversy is limited to $75,000 or less.[1]

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion will be denied without prejudice.

An appropriate order follows.

BY THE COURT:

/s/ R. Barclay Surrick
R. BARCLAY SURRICK, J.

---

[1]      Averett also argues that he should be dismissed as an individual defendant under Rule 12(b)(6) because at all relevant times, he was acting on behalf of his firm.  Averett argues, in other words, that his firm is the only proper defendant here.  Once again, Averett does not cite any case law or other legal authorities in support of his position.

5